ORDERED.

Dated: November 16, 2009

_____
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re ) Chapter 7
)
CHRISTOPHER GEORGE GIETL and ) No. 4-09-bk-08828-EWH
JENNIFER FAYE GIETL, aka Jennifer )
Faye Judy, )
) **MEMORANDUM DECISION**
Debtors. )
)

## I. INTRODUCTION

Christopher George Gietl and Jennifer Faye Gietl ("Debtors") claim grocery store gift cards with a face value of $7,000 as exempt under Ariz. Rev. Stat. ("A.R.S.") § 33-1124, Arizona's Food and Fuel Exemption Law. Because the exemption is limited to the food and fuel the Debtors had on hand on their petition date, the exemption is denied. The reasons for the Court's ruling are explained in the balance of this decision.

## II. FACTUAL AND PROCEDURAL HISTORY

Debtors filed for Chapter 7 relief on April 7, 2009. Included in their list of exemption claims on Schedule C was a Fry's gift certificate with a "face value of $7,000." The Debtors claim the Fry's gift certificate (also referred to by the Debtors as

the Fry's gift cards) as exempt under A.R.S. § 33-1124 as food and fuel "ix [sic] month's worth."

On July 17, 2009, the Chapter 7 trustee ("Trustee") filed an objection ("Objection") to the exemption claim in the Fry's gift certificate ("Gift Certificate") on the grounds that A.R.S. §33-1124 limits the exemption in food and fuel provisions to what the Debtors had on hand on the petition date. The Trustee further objected to the exemption because the Gift Certificate could be used to purchase non-food and fuel items, including electronics, such as a flat screen TV.

On July 20, 2009, the Debtors filed a response ("Response") to the Trustee's Objection and requested a hearing, which was set for September 15, 2009. In their Response, the Debtors asserted that the Gift Certificate would only be used to purchase food and fuel. Prior to the hearing, Debtor, Jennifer Faye Gietl, filed a declaration stating: (1) that only $2,000 of the $7,000 face amount of the Gift Certificate had been used by the Debtors; (2) that the Gift Certificate had been used solely for food and fuel provisions as demonstrated by receipts to her declaration that were filed on September 11, 2009; (3) that upon receipt of the Trustee's objection, the Debtors had discontinued use of the Gift Certificate; and (4) to the best of her knowledge, the Gift Certificate could not be redeemed for cash.

At the September 15, 2009 hearing, the Trustee withdrew the portion of the Objection based on possible abusive use of the Gift Certificate. The parties agreed to provide the court with further briefing regarding the meaning of A.R.S. § 33-1124. Those pleadings have now been filed and the matter is ready for decision.

## III. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1334(a) and 157 (b)(2)(B).

## IV. ISSUE

Does A.R.S. § 33-1124 limit the food and fuel which can be claimed as exempt to what a debtor has on hand as of the petition date?

## V. DISCUSSION

A.R.S. § 33-1124 provides as follows:

> All food, fuel and provisions actually provided for the debtor's individual or family use for six months are exempt from process.

Exemption statutes in Arizona are to be liberally construed. See In re Allman, 286 B.R. 402, 407 (Bankr. D. Ariz. 2002). Debtors argue, therefore, that the "actually provided" language of A.R.S. § 33-1124 should be read broadly to permit the Debtors to exempt the Gift Certificate so long as Debtors actually use the Gift Certificate to buy food and fuel for the six months following the petition date. The Trustee counters that "actually provided" language of the statute limits the exemption to the food and fuel Debtors had on hand as of the petition date. The Trustee's argument is supported by both case law and treatise. See Anne E. Melley, Property & Rights Exempt, 31 Am. Jur. 2nd Exemptions § 159 (May 2009). ("The exemptions for both food and fuel available in some jurisdictions apply only to provisions and fuel in kind. Under such provisions, a debtor may not exempt cash equal to the value of the exemption.")

3

(citations omitted).  See also In re Hellman, 474 F. Supp. 348 (D. Colo. 1979); In re Hogg, 76 B.R. 753 (Bankr. D. S.D. 1987).

However, unlike many other jurisdictions, A.R.S. § 33-1124 does not include language specifying that the food and fuel exemption must be "in kind" or place a dollar limit on the exemption.  For example, N.D. Cent. Code § 28-22-02(6 (2009), "by its terms, limits food and fuel exemptions to an "*in kind in specie* exemption." In re Janz, 74 B.R. 32, 33 (Bankr. D. N.D. 1987).  Similarly, S.D. Codified Laws § 43-45-2(6), the statute at issue in In re Hogg, the principal case cited by the Trustee in support of her argument, exempts "provisions . . . for one year's supply, either provided or growing, or both, and fuel necessary for one year."  The Hogg court found that the language of the statute "clearly" suggested that the food and fuel had to be in hand and not just cash earmarked to purchase the provisions.  Id., at 745.  See also, First Nat'l Bank of Wahoo v. Plihal, 136 B.R. 810, 813 (D. Neb. 1989) (court interpreting an exemption statute almost identical to the statute in In re Hogg and holding that the exemption was limited to actual provisions on hand at the time of bankruptcy filing).

While the Debtors argue that cases from other bankruptcy jurisdictions are not binding on this court and are wrongly decided, they have not cited a single case from Arizona or elsewhere that supports their interpretation of Arizona's food and fuel exemption.  To read the statute as broadly as Debtors urge would potentially require a similarly broad interpretation of all the household furniture and appliance exemptions contained in A.R.S. § 33-1123.  If a debtor can earmark funds for future acquisition of

4

food and fuel, then why not couches or refrigerators?[1]  See, e.g., In re Janz, 74 B.R. at 33 ("To recognize the Debtors' position as to provisions and fuel would also require that this court recognize similar arguments regarding pews, burial grounds, books, and perhaps even crops in grain grown on 160 acres.").

## VI.  CONCLUSION

For the reasons set forth above, Debtors may not claim the Gift Certificate as exempt and must promptly turn it over to the Trustee.  A separate order consistent with this decision will be entered this date.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Christopher George Gietl
8847 North Treasure Mountain Drive
Tucson, AZ  85742

Jennifer Faye Gietl
11693 North Mineral Park Way
Oro Valley, AZ  85737

Alan R. Solot, Esq.
Tilton & Solot
459 North Granada Avenue
Tucson, AZ  85701

---

[1] Debtors argue that they are not trying to exempt cash, but the Gift Certificate is the functional equivalent of cash when used at a Fry's store.  Furthermore, while it may not be redeemable for cash, the Gift Certificate may be freely transferred and, therefore, the Trustee could presumably sell the Gift Certificate for the benefit of creditors.

5

| | |
|---|---|
| 1 | Gayle Eskay Mills<br>PO Box 36317<br>Tucson, AZ  85740 |
| 2 | |
| 3 | |
| 4 | Office of the U.S. Trustee<br>230 North First Ave., Suite 204<br>Phoenix, AZ  85003 |
| 5 | |